IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES KRUEGER**, | : | **No. 1:07-CV-00339** |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **FLYING J, INC.,** *et al.*, | : | |
| **Defendants** | : | |

## M E M O R A N D U M  &  O R D E R

On June 29, 2007, Plaintiff filed a motion for leave to file an amended complaint.  (Doc. 12.)  No brief in support was filed.  Defendants' concurrence to the motion was conditioned on being able to depose Plaintiff a second time.

The motion to amend indicated that the only difference in the amended complaint from the original complaint was that several parties had been deleted. The motion also indicated that plaintiff's deposition had been taken and that the deposition had lasted for eight (8) hours.  *See* Fed. R. Civ. P. 30(d)(2).  Thus on July 23, 2007, this court granted leave to file the amended complaint.  (Doc. 14.)  On July 27, 2007, Defendants filed a motion to strike the order and the amended complaint. (Doc. 16.)

Defendants assert that the amended complaint makes two substantive factual changes in the complaint: first, that the original factual allegation that Plaintiff "slipped, tripped and fell" is changed to "slipped, tripped <u>and/or</u> fell" (*id.* ¶ 6); second, that a new paragraph was inserted which claims that Defendants "designed, constructed, operated and/or maintained the property in such a manner as to <u>enhance injuries</u>" (*id.* ¶ 7).  The court believes the language of the amended complaint does not change the substance of Plaintiff's claims.

Moreover, these allegations were adequately addressed in Plaintiff's deposition taken on May 10, 2007.  Portions of that deposition read as follows:

A.  This is where I fell.  (Krueger Dep. 299:6-7, May 10, 2007.)
A.  No, I fell right there in this spot here.  I went over this wall.  (*Id.* 299:13-14.)
Q. [W]hat at Flying J's drainage area [into which you fell] caused your accident?  (*Id.* 299:23-24.)
A.  Well, it should have either been covered or should have had riprap rock.
Q.  And if it was covered and had riprap rock in there, when you slipped you would have fell (*sic*) onto the riprap rock; correct?
A.  Well yeah, but I wouldn't have fell (*sic*) down there three to four feet.  (*Id.* 300:5-11.)
Q.  And what I am saying is even if there is a grate, even if there is riprap, even if this is concrete filled up, you're still going to fall on that, isn't that right?
A.  But not four feet, three feet.   (*Id.* 301:10-14.)
Q.  So you're not alleging that this caused your fall.  You're only alleging that your injuries were greater because of the way this exists?  (*Id.* 301:18-19.)
A.  The magnitude of the fall would not have been impacted as many times as what the fall was impacted.  (*Id.* 302:11-12.)

It is apparent from the deposition that Plaintiff slipped or tripped, whether from the conditions of the site or otherwise and that he consequently fell into the drainage ditch.  His testimony supports his allegation that the area around the drainage ditch was either improperly constructed, designed, or maintained and that as a result his fall into the ditch caused injuries he would not have sustained had the ditch been properly constructed, designed, or maintained.

Whether this court has properly interpreted Plaintiff's claim, the language of the amended complaint was thoroughly explored in the deposition and no further deposition is necessary.  Further, leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  For the reasons stated, the court finds no prejudice to Defendants in allowing Plaintiff to amend his complaint.

2

 

 

 

 

**IT IS THEREFORE ORDERED THAT** the motion to strike this court's order of July 24, 2007, and the amended complaint is **DENIED**.

 

 

 

<u>S/Sylvia H. Rambo</u>
United States District Judge

Dated:  August 1, 2007.