IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES KRUEGER**, | : No. 1:07-CV-00339 |
| Plaintiff | : |
| | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| **FLYING J, INC.**, *et al.*, | : |
| Defendants | : |

## MEMORANDUM AND ORDER

Before the court is Defendants' motion for summary judgment. (Doc. 23.) Defendants argue that summary judgment is properly granted because Plaintiff cannot establish a causal connection between Defendants' conduct and Plaintiff's alleged injuries. (Doc. 24 at 2.) The court disagrees. There are genuine issues of material fact outstanding, thus Defendants are not entitled to judgment as a matter of law.

Briefly, in Pennsylvania, a property owner is liable for physical harm caused to its business invitees by a condition on its land if, but only if the property owner

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Farabaugh v. Pa. Turnpike Comm'n*, 911 A.2d 1264, 1272 n.10 (Pa. 2006) (quoting Restatement (Second) of Torts § 343 (1965)).

Plaintiff alleges, and has provided evidence in support of the allegation, that the premises of the Flying J were in a "dangerous and/or defective condition." (Doc. 15 ¶ 8.) The "dangerous and/or defective condition" is alleged to be the

design of the parking lot where Defendant parked his tractor-trailer; specifically, that a standard curb around the back of the parking lot gave no warning of the steep drop-off behind the curb to the drainage ditch into which Plaintiff fell. It also did not prevent Plaintiff from falling into the ditch.

While Plaintiff himself tripped over the curb while he was inspecting his tractor-trailer and, admittedly, not looking where he was going,[1] there is evidence to suggest that Defendants knew or should have known that business invitees like Plaintiff would be doing just that. The Flying J permits and encourages tractor-trailer operators to park overnight in this area, an area dedicated for their use and enjoyment. Plaintiff has produced evidence that federal regulations require an operator to conduct pre- and post-drive inspections of the tractor and the trailer. He argues that Defendants had a duty to make the parking lot safe for that use.

Plaintiff's photographic evidence suggests that the design of the curb and drainage ditch were not necessarily readily apparent, in the sense that an invitee would be able to perceive and avoid the danger without warning from the business owner.

---

[1] Evidence of Plaintiff's own actions or physical health (dizziness) do not dictate that summary judgment be granted in this case; if anything, it creates additional questions of material fact as to causation.

On the record presented, Defendants are not entitled to judgment as a matter of law. They have not shown that Plaintiff lacks evidence to support his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Their motion for summary judgment (Doc. 23) is **DENIED**.

                                                      s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated: January 24, 2008.