IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES KRUEGER,** | : | **CIVIL NO. 1:07-0339** |
| **Plaintiff** | : | |
| v. | : | |
| **FLYING J, INC.,** | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

**I. Background**

      This is a slip and fall case in which Plaintiff, a truck driver, who was a business invitee on Defendant's premises, The Flying J Travel Plaza located in Cumberland County, Pennsylvania, tripped and fell over a curb into a drainage ditch or trough. Defendant seeks to preclude the testimony of Plaintiff's engineering expert, James Druecker. Defendants argue that Druecker has no relevant testimony. Plaintiff argues that Druecker's testimony is relevant in regards to the dangerous and hazardous condition of the drainage ditch. For the reasons set forth hereafter, the motion will be denied.

## II. **Discussion**

The admission of expert testimony is governed by Federal Rule of Evidence 702 which requires that all scientific, technical or specialized evidence be relevant. *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 591 (1993).  Relevant evidence is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 401.

Defendants argue that Druecker cannot testify that any hazardous or defective condition caused Plaintiff to fall or caused Plaintiff to suffer greater injuries.  Druecker's report states in part:

> "The BOCA National Building Code/1999" indicates that guards shall be located along open-sided walking surfaces which are located more than 15½″ above the floor or grade below.  The depth of the trough exceeds 15½″.  The curb presents a tripping hazard, and in my opinion, a dangerous condition, particularly because of the drop off on the opposite side.  Not only is the height excessive, but trough is uneven and filled with dangerous debris, greatly increasing the risk of an injury if a fall should occur.  If the ground surface was even on both sides, the danger would be substantially reduced.  In my opinion, the design concept for the parking lot drainage is poor, and the drop off, the debris, the curb, and the lack of protective covers or grates creates a dangerous condition.  Positive and safe drainage facilities in

>the form of slotted drains or conventional storm inlets would result in safer pedestrian conditions.
>
>. . .
>
>It is my opinion, that the drainage and physical conditions existing at the location of the trip and fall are substandard and dangerous. The conditions do not meet industry standards for safe design, construction, and maintenance. Should a pedestrian inadvertently trip over the curb, the conditions are sufficiently dangerous that an injury is very likely.
>
>. . .
>
>It is my opinion that the existence of the trough or ditch does not present a safe walking area or condition for truck drivers performing the required inspections. The trough or ditch, in my opinion, presents a fall hazard.

(Druecker Report, September 24, 2007.)

The foregoing testimony is relevant to 1) whether the conditions around the ditch did, in fact, cause Plaintiff to trip; or 2) whether Plaintiff inadvertently tripped; and 3) whether the conditions were dangerous enough to cause injury. The information will assist the trier of fact, the court in this case, to determine a key fact in issue. *See* Fed. R. Evid. 702.

Defendant argues that Druecker cannot testify whether the conditions of the parking lot caused Plaintiff to suffer greater injuries. A review of Druecker's reports does not show that he opined on this issue. Conceivably this is an issue

addressed by medical personnel, not an engineer. Defendant will be precluded from questioning Druecker on an issue he has not been asked to opine.

**IT IS THEREFORE ORDERED THAT**:

1) Defendant's motion *in limine* to preclude the testimony of Plaintiff's engineering expert James Druecker is denied.

2) Defendant shall not question Druecker on the degree of injury Plaintiff may have or not have suffered as a result of the condition of the parking lot and adjoining ditch.

                                                       s/Sylvia H. Rambo
                                                       SYLVIA H. RAMBO
                                                       United States District Judge

Dated: February 27, 2008.