IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES KRUEGER,** | CIVIL NO. 1:07-0339 |
| **Plaintiff** | |
| v. | |
| **FLYING J. INC.,** **FLYING J. PDG INC.;** **CFJ PROPERTIES,** | |
| **Defendants** | |

## OPINION AND VERDICT OF THE COURT

Plaintiff filed this action in negligence pursuant to 28 U.S.C. § 1332. Plaintiff is an over the road truck driver. On June 6, 2004, Plaintiff parked his tractor-trailer in the truck parking lot of the Flying J. Travel Plaza located in Carlisle, Pennsylvania. The property is owned by CFJ Properties and is operated by Flying J., Inc. Flying J. PDG, Inc. caused construction of the plaza by third parties. On June 6, 2004, Plaintiff fell in the parking lot and alleges he received injuries as a result of the fall. He brings this action in negligence and seeks damages only for pain and suffering. A non-jury trial was held on April 21, 2008.

## I. Background

The following facts were either stipulated by the parties or found by the court.

### A. Stipulated Facts[1]

1. Defendant CJF Properties owns the subject real estate located at 1501 Harrisburg Pike, Carlisle, Pennsylvania.

---

[1] Not all facts are necessary for the ultimate decision.

      2. Defendant Flying J. Inc. is an entity that operated, maintained and controlled the Flying J. Travel Plaza located in Carlisle, Pennsylvania on the date of the accident.

      3. The Flying J. PDG Inc. caused the Flying J. Travel Plaza to be constructed or designed by contracting with third parties for design and construction services.

      4. Plaintiff was a business invitee at the Flying J. Travel Plaza.

      5. Plaintiff tripped over a curb and fell on June 6, 2004 at approximately 10:00 a.m.

      6. Plaintiff would have tripped over the curb and fallen even if the drainage ditch into which he fell did not exist.

## B. Findings of Facts by the Court[2]

At trial, the following evidence was presented. On the day before the accident at issue, Plaintiff reported to the Carlisle Hospital complaining of pain in the face, headaches and dizziness. He was treated for an ear infection. He had balancing problems the evening of June 5, 2006.[3]

Plaintiff testified that immediately before he tripped and fell, he was inspecting his rig and was not looking where he was going. He was aware, however, of the curb over which he allegedly tripped. He further testified that he observed his wife, stepdaughter and dog on the grassy area near the drainage ditch on the opposite side of the truck.

---

[2] In light of the verdict, no findings of fact are made as to Plaintiff's alleged injuries and medical evidence.

[3] The court notes Plaintiff's demeanor and manner of testifying. He was vague, had to have questions repeated, could not remember many facts and his credibility was suspect. This was determined by the two different versions given about the accident and claims of injury that did not hold up to objective medical examinations.

Plaintiff gave a statement immediately after the incident in a Flying J. accident report that he was walking on the curb on his way to greet his relatives and dog before falling.

> Customer stated he had a dog and it was with 2 female friends in the grass.  He went to go to them, stepped up onto the curb, and just kept walking.  Stated he fell in ditch and that it should have a grate over it.

(Defendants' Ex. 13.)

Two experts testified at trial.  James Druecker, Plaintiff's expert, testified that the basic problem in the parking lot was not the curb itself but the failure to prevent the drop off behind the curb where there was a drainage ditch.  He cited to the BOCA National Building Code/1999.[4]

William Guy testified on behalf of Defendants.  He opined first that the BOCA Code does not apply.  He testified that the Code applies to interior buildings and not to exterior development.  He opined that the curb and drainage ditch were clearly visible and the curb is standard height.  When questioned whether the placement of a guard or a fence behind the curb would reduce the risk of falling, he replied, "Speculative, it could."  Guy further opined that the design of the curb and drainage ditch met industry standards.

Both experts' opinions were that the curb did not cause Plaintiff to trip and, in any event, Plaintiff would have fallen either into the trough (drainage ditch) or on a flat surface.

Accordingly, the court finds that:

1. The curb was visible generally and Plaintiff saw it.
2. The curb and drainage ditch did not cause the fall.

---

[4]BOCA stands for "Building Officials and Code Administrators."

3

3. It is speculative that any other design or barrier would have decreased any injury to Plaintiff.

4. Plaintiff is not credible.

## II. **Discussion**

### A. **Negligence Claim**

Plaintiff has the burden to prove that but for Defendants' negligence, he would not have been harmed. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discovery or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Farabaugh v. Pa. Turnpike Comm'n*, 911 A.2d 1264, 1272 n.10 (Pa. 2006). The curb at issue does not present an unreasonable risk of harm. It is clearly visible and the color of the curb contrasts with the color of the parking lot. As Plaintiff's own expert opines, there is nothing hazardous about the curb that caused Plaintiff to trip. Plaintiff's expert opines, however, that the drainage ditch presents a fall hazard and should have been designed and constructed differently. The drainage ditch did not cause him to fall. The parties stipulated that Plaintiff would have tripped and fallen even if the drainage ditch did not exist.

The settled law of negligence in Pennsylvania is that it is the duty of a person to look where he is walking and see that which is obvious. *Dovlin v. J.J. Newberry Co.*, 319 Pa. Super. 310, 315 (1983), citing *Villano v. Security Savings Assoc.*, 268 Pa. Super. 67 (1979); *Lewis v. Duquesne Inclined Plane Co.*, 346 Pa. 43 (1942). The version of the events as given in the Flying J accident report was not

refuted at trial.  Plaintiff knew that the curb existed.  Plaintiff exposed himself to possibly falling or tripping on the curb when he walked upon it to meet his female relatives.  Plaintiff's decision to expose himself to the risk of tripping, slipping, or falling was the proximate cause of any injury sustained.  Thus, he may not recover from Defendants.

## III. Conclusions of Law

  1.  Plaintiff has failed to prove by a preponderance of the evidence that Defendants were negligent.

  2.  Plaintiff's own negligence was the cause of his injuries, if any were sustained.

## IV. Verdict

  The court finds in favor of Defendants and against Plaintiff and directs the entry of judgment by the Clerk of Court.  The Clerk of Court shall close the file.

         s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: April 23, 2008.